UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.

    CASE NO: 6:16-cr-187-Orl-41TBS

JOHN MATTHEW GAYDEN, JR.

    Defendant.

## ORDER

This case comes before the Court without a hearing on Defendant John Matthew Gayden, Jr.'s Amended Motion to Seal Defendant's Sentencing Memorandum (Doc. 202).

At the conclusion of trial, a jury found Defendant guilty of seven counts of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) (Doc. 181). Defendant is currently awaiting sentencing and seeks leave of Court to file his sentencing memorandum under seal. As grounds, he represents that the memorandum contains "intimate medical information that should remain private," pursuant to the Health Insurance Portability and Accountability Act of 1966, P.L. 104-191, 45 C.F.R. Parts 160, 164 (Doc. 202 at 1). Defendant represents that the government does not oppose the motion (Id., at 2).

"The operations of the courts and the judicial conduct of judges are matters of utmost public concern,'" Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978)), "and '[t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process.'" Id. (quoting Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir.

2001)). "Beyond establishing a general presumption that criminal and civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents." Chicago Tribune Co., 263 F.3d at 1311 (citing Nixon v. Warner Commc'ns Inc., 435 U.S. 589, 597 (1978)). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" Romero, 480 F.3d at 1246 (quoting Chicago Tribune Co., 263 F.3d at 1309. In balancing these interests,

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id.

The Court recognizes that Defendant has a privacy interest in his personal medical information. He is not a public official, the public has not shown any special interest in this case, and the public will have an opportunity to attend Defendant's sentencing. Accordingly, the Court finds that the balance tips in Defendant's favor. Now, the motion is **GRANTED**. Defendant may file his sentencing memorandum **UNDER SEAL**. The memorandum shall remain under seal until further order of Court. Defendant shall file a copy of his sentencing memorandum, from which all his personal medical information has been redacted, on the public docket.

**DONE** and **ORDERED** in Orlando, Florida on September 4, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    John Matthew Gayden, Jr.