UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                                      CASE NO. 6:16-cr-187-Orl-41TBS

JOHN MATTHEW GAYDEN, JR.

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America hereby submits the following sentencing memorandum.

### I. MEMORANDUM OF LAW

**A. Guideline Calculations**

    **1. Relevant Conduct and Drug Amount**

    **a. Relevant Conduct**

The Defendant objects to the drug amount in the Presentence Report (PSR), claiming that the relevant conduct should only include those prescriptions which were specifically charged in the Indictment. The Defendant's arguments are based upon an erroneously narrow view of relevant conduct that is supported by neither the United States Sentencing Guidelines (U.S.S.G.) nor relevant case law, and should be overruled.

U.S.S.G. § 1B1.3(a)(2) defines relevant conduct, for purposes of the current case, as all conduct that was part of the "same course of conduct or

common scheme or plan as the offense of conviction." Two or more offenses constitute part of a common scheme or plan if they are "substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar *modus operandi*." *Id.*, comment (n.5(B)(i)). Further, "[o]ffenses that do not qualify as part of a common scheme or plan may nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." *Id.*, comment (n.5(B)(ii)). In considering whether offenses constitute part of a common scheme or plan, factors to consider include "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Id*. Courts are to interpret the relevant conduct guideline broadly. *United States v. Behr*, 93 F.3d 764, 765 (11th Cir. 1996). "Because the limits of sentencing accountability are not coextensive with the scope of criminal liability, relevant conduct is broadly defined to include both uncharged and acquitted conduct that is proven at sentencing by a preponderance of the evidence." *United States v. Siegelman*, 786 F.3d 1322, 1333 (11th Cir. 2015)(internal quotation marks omitted).

      In the current case, the drug amounts included in the relevant conduct include all of the oxycodone prescriptions issued by the Defendant to the four

patients named in the Indictment. Each of these patients received either identical or very similar prescriptions at regular intervals every two to four weeks. At trial, expert testimony established that all of these prescriptions occurred outside the usual course of professional practice. Doc. 196 at 63-180 (testimony of Gary M. Reisfield). Consequently, each of the oxycodone prescriptions issued to the four patients listed in the Indictment were properly included as relevant conduct.

### b. Ex Post Facto Clause Argument

The Defendant further argues that the prescriptions issued prior to an October 17, 2010 amendment to Florida Administrative Code (F.A.C.) 64B8-9.013 should not be included because the expert testimony at trial was based upon the version of F.A.C. 64B8-9.013 in effect after October 17, 2010. The Defendant claims that holding him accountable for conduct occurring prior to the October 17, 2010 amendment violates the Ex Post Facto Clause. The Defendant's objection should be overruled.

The Ex Post Facto clause prohibits: "(1) every law that makes an action done before the passing of the law, and which was innocent when done, criminal, and punishes such action; (2) every law that aggravates a crime, or makes it greater than it was, when committed; (3) every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the

crime when committed; (4) every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender." *Carmell v. Texas*, 529 U.S. 513, 522 (2000).

In the instant case, the Defendant was not charged, and is not being sentenced, pursuant to F.A.C. 64B8-9.013, therefore the Ex Post Facto analysis is entirely misplaced. The guidance in F.A.C. 64B8-9.013 was simply admitted at trial as evidence of the prevailing usual course of conduct at the time of the charged conduct. Consequently, the Defendant's Ex Post Facto Clause objection should be overruled.

2. **Obstruction of Justice USSG § 3C1.1**

The Defendant objects to the application of a 2-level increase for obstruction of justice pursuant to U.S.S.G. § 3C1.1. The Defendant's objection should be overruled.

USSG § 3C1.1 provides for a 2-level enhancement where: (1) the "defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution or sentencing of the instant offense of conviction"; and (2) the obstructive conduct related to either the defendant's offense of conviction (and any relevant conduct) or a closely related offense.

The application notes to § 3C1.1 include a non-exhaustive list of conduct that would be covered by this enhancement, and includes "destroying or concealing evidence or procuring another person to destroy or conceal evidence that is material to an official investigation or judicial proceeding." *Id.*, (n. 4(D)).

In the instant case, investigators with the Department of Health (DOH) reviewed certain files as part of its investigation of the Defendant, and informed the Defendant of the files that were under review. Doc. 194 at 72-74 (testimony of Paula "Shelly" Simon). Defendant subsequently altered these patient files to make the medical documentation of his care for these patients appear more robust. Doc. 194 at 219-223 (testimony of Eva Sala) The Defendant's alterations of medical records pertinent to the investigation were, in essence, an attempt to conceal evidence of his offense by covering up his lack of medical care for the patients at issue. The Defendant knew these particular files had already drawn the attention of investigators. Further, the Defendant was required by statute to maintain these records for future inspection. Florida Admin. Code Rule 64B8-10.002(3); Fla. Stat. § 458.331(1)(m). Consequently, a 2-level enhancement pursuant to U.S.S.G. § 3C1.1 is warranted.

### 3. Acceptance of Responsibility - § 3E1.1

The Defendant maintains that he should receive a 2-level adjustment for acceptance of responsibility. The Defendant's objection should be overruled.

Application Note 2 to USSG § 3E1.1 states that the adjustment for acceptance of responsibility "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt…" Going to trial, however, does not necessarily deprive a Defendant of the ability to receive a reduction for acceptance of responsibility. The reduction may still apply, for example, if a Defendant admits factual guilt, but challenges the constitutionality of the statute or the applicability of the statute to his conduct. *United States v. Starks,* 157 F.3d 833, 840 (11th Cir. 1998); *see also* USSG § 3E1.1, comment. (n.2); *United States v. Diaz*, 26 F.3d 1533, 1544-1555 (11th Cir. 1994).

In *Starks*, the Eleventh Circuit found the district court committed clear error in granting a reduction for acceptance of responsibility where the defendant admitted to engaging in illegal conduct, but was convicted at trial where he denied having the requisite intent. 157 F.3d at 840-841. The *Starks* court found that the defendant was making a factual, not a legal challenge to the government's allegations, because, while the defendant claims to have admitted all the conduct prohibited by statute, the defendant put the

government to its burden at trial by contesting intent, which was an essential element of the charge. *Id*. Furthermore, a defendant who admits participating in drug deals, but defends on the basis that the statute of limitations barred his conviction, is properly denied a reduction for acceptance of responsibility. *United States v. Dodd*, 111 F.3d 867, 870 (11th Cir. 1997).

In the current case, the Defendant denied that he was acting outside of the course of professional practice and that he was acting without a legitimate medical purpose, either of which would have constituted an essential element of the offense. He is not entitled to an adjustment for acceptance of responsibility.

### 4. Maintaining a Premises for the Purpose of Producing or Distributing a Controlled Substance - § 2D1.1(b)(12)

The Defendant objects to the application of a 2-level increase for maintaining a premises for the producing or distribution of a controlled substance, pursuant to U.S.S.G. § 2D1.1(b)(12). The Defendant's objection should be overruled.

U.S.S.G. § 2D1.1(b)(12) provides for a 2-level increase in a defendant's guideline score in cases where "the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance…" The application note to § 2D1.1(b)(12) states that distribution of a controlled substance "need not be the sole purpose for which the premises was

maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the promises." *Id.*, comment (n.17). The note further states that "the court should consider how frequently the premises was used by the defendant for manufacturing a controlled substance and how frequently the premises was used by the defendant for lawful purposes." *Id.* A premises "can have more than one primary use, so long as the drug activity is more than "incidental or collateral." *United States v. George*, 872 F.3d 1197, 1206 (11th Cir. 2017).

In *United States v. Blake*, 695 Fed.Appx. 859 (6th Cir. 2017), the Sixth Circuit held that the sentencing court properly applied § 2D1.1(b)(12) to a Defendant who was operating a pain clinic where controlled substances were being prescribed without medical necessity.

In the instant case, the evidence at trial indicated that the Defendant operated a cash-only practice where clients were required to pay up front prior to seeing the Defendant. Doc. 192 at Doc. 194 at 22 (testimony of Frank Deluca), 46 (testimony of Stephanie Whitehouse), 103-104 (testimony of Katheryn Brink). The Defendant would see up to 60 patients per day. Gov. Exh. 13.6. Most of the Defendant's patients were relatively young patients who were seeking large doses of opiates. Doc. 194 at 141 (testimony of Donald Snyder). Prescription Drug Monitoring Program (PDMP) records

indicated the vast majority of the Defendant's prescriptions were for between 120-150 30mg oxycodone tablets every two weeks. Gov. Exh. 5. The totality of the circumstances indicate that the illegal prescribing of drugs was a primary purpose of the Defendant's medical office, and support the application of the 2-level increase pursuant to § 2D1.1(b)(12).

B.     18 U.S.C. § 3553 Factors

Title 18, United States Code, Section 3553 requires courts to impose sentences which are "sufficient but not greater than necessary" to comply with an enumerated set of sentencing purposes. As the Court is well aware of the factors governing the imposition of sentence, this memo will only address those factors which are most pertinent to the current case.

The egregious nature and scope of the Defendant's conduct, as well as his abuse of public trust, necessitate a lengthy prison sentence. The Defendant was the center of a high-volume and prolific pill mill operation that was responsible for the dispensing of large volumes of opioids into the Brevard County community during the crest of the opioid crisis in Florida. As will be illustrated by testimony at sentencing, the Defendant's conduct had a widespread impact on his local community, as well as the lives of his patients, several of whom died of drug overdoses while under the Defendant's care or thereafter. Further, a lengthy prison sentence is necessary serve as a deterrent

to other individuals who may be inclined to use their medical licenses to engage in similar behavior.

## II.   CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court sentence the Defendant to a term of imprisonment at the top of the applicable guideline range.

        Respectfully submitted,

        MARIA CHAPA LOPEZ
        United States Attorney

By:   */s/ Vincent S. Chiu*
        Vincent S. Chiu
        Assistant United States Attorney
        Florida Bar No. 0084936
        400 W. Washington Street, Suite 3100
        Orlando, Florida 32801
        Telephone:  (407) 648-7500
        Facsimile:  (407) 648-7643
        E-mail:  vincent.chiu@usdoj.gov

U.S. v. John M. Gayden       Case No. 6:16-cr-187-Orl-41TBS

### CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Michael S. Ryan, Esq.

        */s/ Vincent S. Chiu*
        Vincent S. Chiu
        Assistant United States Attorney
        Florida Bar No. 0084936
        400 W. Washington Street, Suite 3100
        Orlando, Florida 32801
        Telephone: (407) 648-7500
        Facsimile: (407) 648-7643
        E-mail: vincent.chiu@usdoj.gov