# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**  **CASE NO: 6:16-cr-187-CEM-LHP**

**JOHN MATTHEW GAYDEN, JR.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION**  PRO SE MOTION FOR CERTIFICATE OF APPEALABILITY (Doc. No. 302)
>
> **FILED:**  May 5, 2022
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion is **DENIED**.

On March 29, 2021, Defendant filed a *pro se* Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), in which he sought early, compassionate release from prison based on his health and the COVID-19 pandemic.  (Doc. 261). On May 10, 2021, the Court denied Defendant's motion.  (Doc. 269).  Defendant filed a notice of appeal on May 24, 2021.  (Doc. 270).

On June 7, 2021, Defendant moved to proceed with his appeal *in forma pauperis*, which the Court denied on July 7, 2021. (Docs. 272, 274, 276). Specifically, the Court found that Defendant's appeal was frivolous and not taken in good faith. (Doc. 276). On October 1, 2021, Defendant filed a renewed motion for leave to proceed *in forma pauperis* on appeal, which the Court denied on January 19, 2022. (Docs. 277, 285, 290).

Now, Defendant has filed a *pro se* motion for a Certificate of Appealability as it relates to the same appeal. (Doc. 302).[1] The motion has been referred to the undersigned, and upon review, I will respectfully recommend that the motion be denied.

A court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Defendant

---

[1] The docket reflects that this is the only pending appeal in Defendant's case.

has not made any such showings. Rather, he appears to again rely on his previous arguments concerning his medical conditions, which have been rejected by the Court, and found to be frivolous. *See* Docs. 269, 274, 276, 286-286, 302. Defendant has not identified any constitutional right that has been denied, or that reasonable jurists would find the treatment of any of Defendant's claims debatable or wrong.

In addition, Defendant premises his request for a certificate of appealability on the Court's denial of his motion pursuant to 18 U.S.C § 3582(c)(1)(A)(i) for a modification of his sentence for extraordinary and compelling reasons. Doc. 302. Several courts within the Eleventh Circuit have concluded a certificate of appealability is not required for review of a denial of a motion pursuant to 18 U.S.C. § 3582 (c). *See, e.g., United States v. Bryant*, No. CR 497-182, 2020 WL 421186, at *2 (S.D. Ga. Jan. 27, 2020); *United States v. Montor-Torres*, Nos. 5:10cr39-RH/EMT, 5:16cv242-RH/EMT, 2016 WL 9240626, at *1 (N.D. Fla. Oct. 8, 2016) ("[A] defendant may appeal the denial of a § 3582(c) motion without a certificate of appealability."); *United States v. Thercy*, No. 3:98crl26/LAC, 2009 WL 3418250, at *1 (N.D. Fla. Oct. 20, 2009) (collecting cases establishing no requirement to obtain a COA to appeal the denial of a section 3582(c) motion); *Lowe v. United States*, 5:98-CR-104(WDO), 2007 WL 41951, at *1 (M.D. Ga. Jan. 4, 2007) ("[A] COA is not necessary to the appeal of a motion filed pursuant to 18 U.S.C. 3582(c)."). Thus, it is not entirely clear that Defendant even requires a certificate of appealability to pursue his appeal.

Accordingly, it is **RESPECTFULLY RECOMMENDED** that Defendant's motion for a certificate of appealability (Doc. 302) be **DENIED**.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 18, 2022.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy